[No. B166721. Second Dist., Div. Two. Aug. 7, 2003.]

ALAN BAGRATION, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Michael P. Judge, Public Defender, Albert J. Menaster, Ellen Coleman andJack T. Weedin, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Steve Cooley, District Attorney, George M. Palmer and Roberta Schwartz, Deputy District Attorneys; Bill Lockyer, Attorney General, Robert R. Anderson, Pamela C. Hamanaka, Stephen A. McEwen, and G. Tracey Letteau, Deputy Attorneys General, for Real Parties in Interest.

OPINION

**BOREN, P. J.**—Petitioner Alan Bagration challenges the denial of his motion for summary judgment, specifically the trial court's determination that motions for summary judgment under Code of Civil Procedure section 437c are inapplicable to proceedings under the Sexually Violent Predators Act (SVP or the Act). (Welf. & Inst. Code, § 6600 et seq.)[1] We conclude that the trial court's ruling was correct. Accordingly, we deny the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

In November 1977, petitioner pled guilty to three counts of Penal Code section 288, lewd or lascivious acts on a child under age 14, offenses the SVP Act defines as sexually violent. He was sentenced to an indeterminate sentence. In 1981 he was paroled, his parole was later suspended, and a warrant issued. In February 1995, he was arrested in Arizona and extradited to California, where he was imprisoned for six months for parole violation. He was released on parole in August 1995. In October 1995, the California Department of Corrections (CDC) placed a parole hold on him and then returned him to prison for a second parole violation.

On October 11, 1995, the SVP Act was enacted, effective January 1, 1996. (Stats. 1995, ch. 793, § 3 and Stats. 1995, ch. 763, § 3, p. 5922.) The Act's definition of "sexually violent predator" includes a person who has been convicted of a specified offense and has received a determinate sentence. (§ 6600, subd. (a).)

In March 1996, the People filed a SVP Act petition in superior court to initiate judicial commitment proceedings against petitioner. The petition, which is currently pending, alleges that petitioner received a determinate sentence on November 8, 1977, for violation of Penal Code section 288, has a diagnosed mental disorder, is a danger to the health and safety of others, and is predatory.

---

[1] All further statutory references will be to the Welfare and Institutions Code unless otherwise indicated.

Shortly after the petition was filed, petitioner filed a demurrer and a notice of motion to declare the SVP Act unconstitutional. The superior court sustained the demurrer, the People filed a petition for writ of mandate, and we issued an alternative writ of mandate and stay. In October 1996, we issued an opinion granting the writ and upholding the constitutionality of the SVP Act. In February 1997, the California Supreme Court granted review.

In early July 1999, while his petition for review was pending, petitioner filed a superior court motion to dismiss the SVP petition due to lack of a qualifying determinate sentence offense. Petitioner contended that he did not commit a qualifying offense because he did not receive a determinate sentence. He asserted that a 1996 amendment[2] did not change the requirement that a qualifying offense receive a determinate sentence and, if it did, the amendment did not apply retroactively to him. In late July 1999, the superior court granted petitioner's motion to dismiss the SVP Act petition. The superior court stayed the dismissal to allow the People to file a petition for writ of mandate, and we issued a stay pending our consideration of the People's petition.

On January 21, 1999, the Supreme Court upheld the constitutionality of the SVP Act in *Hubbart v. Superior Court* (1999) 19 Cal.4th 1138 [81 Cal.Rptr.2d 492, 969 P.2d 584] (*Hubbart*). In February 2000, the Supreme Court dismissed review of petitioner's case. In October 2000, we issued a writ of mandate directing the superior court to set aside its July 30, 1999 order granting petitioner's motion to dismiss his SVP Act petition, and issue a new order, denying the motion, because the superior court had acted in excess of its jurisdiction when it dismissed the petition while the case was on review to a higher court. In October 2000, the superior court vacated its order granting petitioner's motion to dismiss the SVP petition, and issued a new order denying the motion.

On July 22, 2002, petitioner's counsel filed a motion for summary judgment in which he asserted that at the time petitioner's SVP Act petition was filed, the court was without jurisdiction because: (1) petitioner was unlawfully in CDC custody because his indeterminate sentence convictions did not qualify as sexually violent offenses under the SVP Act, and (2) his unlawful custody was not the result of a good faith mistake of law of fact.[3] The People

---

[2] Section 6600, subdivision (a) was amended, effective September 13, 1996, to include as qualifying offenses specified indeterminate sentence offenses. (§ 6600, subd. (a), as amended by Stats. 1996, ch. 462, § 4.) (*Garcetti v. Superior Court* (1999) 76 Cal.App.4th 685, 692 [90 Cal.Rptr.2d 581].)

[3] Section 6601, subdivision (a) was amended effective July 22, 1999, to add subpart (2): "A petition may be filed under this section if the individual was in custody pursuant to his or her determinate prison term, parole revocation term, or a hold placed pursuant to Section 6601.3,

addressed the motion on the merits. Following argument invited by the court regarding applicability of summary judgment to SVP Act proceedings, the court found summary judgment inapplicable, and denied the motion on that basis.

Petitioner filed a petition for writ of mandate, requesting that we order the trial court to vacate its order denying the petition, and issue a new order requiring the court to hear the motion for summary judgment on the merits. We issued a stay, an order to show cause, and set the matter for argument because it presented an issue of first impression regarding SVP Act procedures.

## DISCUSSION

Petitioner contends that the court erred in declining to hear his motion for summary judgment on the merits. His argument is fourfold: (1) since proceedings under the SVP Act are civil in nature, they are subject to the rules of civil procedure; (2) Code of Civil Procedure section 437c, governing summary judgment, on its face applies to "any action or proceeding," and the section is to be liberally construed; (3) neither the SVP Act nor its legislative history show an intention to foreclose use of summary judgment in a SVP Act proceeding; and (4) even if summary judgment is not statutorily authorized, "its use can be sanctioned as a form of non-statutory motion to dismiss." Petitioner relies primarily on *People v. Superior Court (Preciado)* (2001) 87 Cal.App.4th 1122, 1128 [105 Cal.Rptr.2d 159] *(Preciado)* which concluded that because SVP Act proceedings were "civil in nature" the ordinary rules of civil procedure applied unless otherwise indicated on the face of the statute, and on *Leake v. Superior Court* (2001) 87 Cal.App.4th 675 [104 Cal.Rptr.2d 767] *(Leake)* and *People v. Superior Court (Cheek)* (2001) 94 Cal.App.4th 980, 988 [114 Cal.Rptr.2d 760] *(Cheek)*, which held that SVP Act proceedings are subject to the Civil Discovery Act.[4] As we will explain, we do not find this authority persuasive.

---

at the time the petition is filed. *A petition shall not be dismissed on the basis of a later judicial or administrative determination that the individual's custody was unlawful, if the unlawful custody was the result of a good faith mistake of law or fact.* This paragraph shall apply to any petition filed on or after January 1, 1996." (Stats. 1999, ch. 136, § 1, italics added.)

[4] Petitioner also relies on *Gray v. Superior Court* (2002) 95 Cal.App.4th 322 [115 Cal.Rptr.2d 477] and *In re Parker* (1998) 60 Cal.App.4th 1453 [71 Cal.Rptr.2d 167]. He describes *Gray* as "sanctioning" use of summary judgment in SVP Act proceedings. But *Gray* does not consider the applicability of summary judgment to SVP Act proceedings, and a case is not authority for a proposition not considered in it. (*People v. Mazurette* (2001) 24 Cal.4th 789, 797 [102 Cal.Rptr.2d 555, 14 P.3d 227].) In *In re Parker* petitioner relies on dictum that characterizes a SVP Act petition as a civil pleading. (*In re Parker, supra,* 60 Cal.App.4th at pp. 1468–1469, fn. 15.)

*The Sexually Violent Predators Act*

The stated purpose of the SVP Act is to identify persons who have certain diagnosed mental disorders that make them likely to engage in acts of sexual violence and to confine those persons for treatment of "their disorders only as long as the disorders persist and not for any punitive purposes." (Stats. 1995, ch. 763, § 1, p. 5922.) ▮ The SVP Act is a civil rather than criminal statute, as indicated by the Legislature's stated intent to establish a civil commitment scheme and its disavowal of any punitive purpose. (*Hubbart, supra,* 19 Cal.4th at p. 1171.)

The SVP Act provides for indefinite two-year commitments in a secure state hospital upon a finding that a person is a "sexually violent predator" because he or she "has been convicted of a sexually violent offense against two or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." (§§ 6600, subd. (a), 6604.)

Under section 6601, if the Director of the CDC determines that a prisoner may be a sexually violent predator, the director must refer the prisoner for an initial screening six months before the prisoner's scheduled release date.[5] The initial screening includes evaluation by two practicing psychiatrists or psychologists designated by the Director of the Department of Mental Health (DMH), conducted in accordance with a standardized assessment protocol. (§ 6601, subds. (a), (b), (c), & (d).) If both evaluators conclude that the prisoner "has a diagnosed mental disorder such that he or she is likely to engage in acts of sexual violence without appropriate treatment and custody," the Director of DMH transmits a request for a commitment petition under the Act to the county in which the prisoner was last convicted, along with copies of the evaluations and supporting documents. (§ 6601, subds. (d), (h), & (i).) If the designated county attorney concurs in the request, he or she files a commitment petition in superior court. (§ 6601, subd. (i).)

Once a petition is filed, the superior court is required to hold a probable cause hearing at which the person named in the petition is entitled to assistance of counsel. (§ 6602.) Probable cause is met if the court determines that a reasonable person would entertain a strong suspicion that the petitioner satisfied all elements required for commitment as a sexually violent predator: (1) the person named has been convicted of qualifying sexual offenses against at least two victims; (2) he or she has a diagnosed mental disorder; (3) the

---

[5] The six-month time period does not apply during the first year the Act is operative (§ 6601, subd. (j)) and may be shortened under certain circumstances. (§ 6601, subd. (a).)

disorder makes it likely he or she will engage in sexually violent conduct if released; and (4) the sexually violent conduct will be predatory. (*Cooley v. Superior Court* (2002) 29 Cal.4th 228, 249, 250 [127 Cal.Rptr.2d 177, 57 P.3d 654].) The sole purpose of the probable cause hearing is to test the sufficiency of the evidence supporting the petition. (*Id.* at p. 247.) The hearing includes presentation of oral and written evidence bearing on probable cause and the opportunity to call and examine any experts relied on by the petitioner. (*Id.* at p. 245, fn. 8; *In re Parker, supra,* 60 Cal.App.4th at pp. 1468–1470.)

If the court finds probable cause that the person named is a sexually violent predator, the judge "shall" order that a trial be held. (§ 6602, subd. (a).) If the court determines probable cause does not exist, it must dismiss the petition. (§ 6602, subd. (a).)

The person subject to trial under the SVP Act is to remain in custody in a secure facility until the trial is completed. (§ 6602, subd. (a).) He or she is entitled to trial by jury, assistance of counsel, the right to retain experts or professional persons to perform further evaluations, and access to relevant medical and psychological reports. (§ 6603, subd. (a).)

The court, if jury is waived, or a jury, by unanimous verdict, must determine beyond a reasonable doubt whether the person named in the petition is a sexually violent predator. (§§ 6603, subd. (f), 6604.) If the person is determined not to be a sexually violent predator, he or she is released at the expiration of his or her prison term. (§ 6604.) If the person is determined to be a sexually violent predator, he or she is committed to the custody of the DMH for two years "for appropriate treatment and confinement in a secure facility" subject to annual review and extension of commitment if the diagnosed mental disorder and the consequent danger to the community persists (§§ 6604, 6605), and to unconditional (§ 6605) and conditional releases (§§ 6607–6608) if the person is found to no longer be a sexual violent predator or to be no longer likely to commit predatory sexual violence while under community supervision and treatment.

*SVP Act Proceedings Are Special Proceedings of a Civil Nature*

 Judicial remedies are divided into two classes: actions and special proceedings. (Code Civ. Proc., § 21.) "An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." (Code Civ. Proc., § 22.)[6] "Every other

---

[6] "Actions are of two kinds: [¶] 1. Civil; and [¶] 2. Criminal." (Code Civ. Proc., § 24.)

remedy is a special proceeding." (Code Civ. Proc., § 23.) As a general rule, a special proceeding is statutory in origin and does not proceed according to common law. (*Leake, supra*, 87 Cal.App.4th at p. 680.)[7] ■ The SVP Act, located in the Welfare and Institutions Code among other civil commitment statutes, is a "special proceeding of a civil nature because it is neither an action at law nor a suit in equity, but instead is a civil commitment proceeding commenced by petition independent of any pending action." (*Cheek, supra*, 94 Cal.App.4th at p. 988.)

Code of Civil Procedure section 437c, governing summary judgment, is located in Part 2 of the Code of Civil Procedure. The provisions of Part 2 of the Code of Civil Procedure specifically apply to special proceedings of a civil nature in Part 3, Title 1 (Writs of Review, Mandamus, and Prohibition), unless either inconsistent with those proceedings or the special proceeding statutes indicate otherwise. (Code Civ. Proc., §§ 1109, 1110).[8] ■ The California Supreme Court has concluded that the Legislature's failure to make Code of Civil Procedure Part 2 expressly applicable to *other* special proceedings "must be held to have been intentional" (*Carpenter v. Pacific Mutual Life Ins. Co.* (1939) 13 Cal.2d 306, 311 [89 P.2d 637]), and has held that Part 2 of the Code of Civil Procedure does *not* generally extend to a special proceeding unless the statutes establishing the special proceeding expressly incorporate Code of Civil Procedure Part 2 provisions. (*Agricultural Labor Relations Bd. v. Tex-Cal Land Management, Inc.* (1987) 43 Cal.3d 696, 707

---

[7] "Special proceedings" are located in Part 2 of the Code of Civil Procedure and in various places throughout other codes. They include: certiorari (Code Civ. Proc., § 1067 et seq.), mandamus (Code Civ. Proc., § 1084 et seq.), prohibition (Code Civ. Proc., § 1102 et seq.), contempt (Code Civ. Proc., § 1209 et seq.), enforcement of liens (Code Civ. Proc., §§ 1180, 1203.50 et seq.), arbitration proceedings (Code Civ. Proc., §§ 1141.10 et seq. [judicial arbitration], 1280 et seq. [contractual arbitration], dissolution of corporations (Corp. Code, § 1900 et seq.), probate of wills and administration of decedents' estates (Prob. Code, § 7000 et seq.), guardianship (Prob. Code, § 1500 et seq.), adoption (Fam. Code, § 8500 et seq.), conservatorship proceedings against insolvent insurance companies (Ins. Code, § 1011), commitment proceedings under the Lanterman-Petris-Short Act for mentally disordered persons (§ 5000 et seq.), alcoholics (§ 5170 et seq.), and users of controlled substances (§ 5340 et seq.), judicial commitment of narcotic addicts (§ 3100 et seq.), judicial commitment of developmentally disabled persons (§ 6500), juvenile court placement of dependent children (§ 362), mentally disordered or developmentally disabled minors (§ 6550 et seq.), and conservatorship proceedings for gravely disabled persons (§ 5350 et seq.). (3 Witkin, Cal. Procedure (4th ed. 1997) Actions, § 14, p. 67.)

[8] Code of Civil Procedure section 1109 provides: "Except as otherwise provided in this Title, the provisions of Part 2 of this Code are applicable to and constitute the rules of practice in the proceedings mentioned in this Title." Similarly, Code of Civil Procedure section 1110 provides: "The provisions of Part 2 of this Code relative to new trials and appeals, except in so far as they are inconsistent with the provisions of this Title, apply to the proceedings mentioned in this Title." "This Title" refers to Title I–Review, Mandamus and Prohibition, sections 1067 to 1110b. (*Lomeli v. Department of Corrections* (2003) 108 Cal.App.4th 788, 797 [134 Cal.Rptr.2d 179].)

[238 Cal.Rptr. 780, 739 P.2d 140].) Consequently, we disagree with the statement in *Preciado*, upon which petitioner heavily relies, that because SVP Act proceedings are "civil in nature" "unless otherwise indicated on the face of the statute, rules of civil procedure will operate." (*Preciado, supra,* 87 Cal.App.4th at p. 1128.)[9]

*Incorporation of the Civil Discovery Act Does Not Dictate Incorporation of Summary Judgment, Which Is Inherently Inconsistent with the SVP Act*

■ The Civil Discovery Act of 1986, located in part 2 of the Code of Civil Procedure, applies to SVP Act proceedings (*Leake, supra,* 87 Cal.App.4th 675; accord, *Cheek, supra,* 94 Cal.App.4th at p. 980). *Leake* concluded that the Civil Discovery Act applied to SVP Act proceedings because the Civil Discovery Act expressly applied to both "a civil action and a special proceeding of a civil nature" (Code Civ. Proc., § 2016, subd. (b)(1)), the Legislature was deemed to have enacted the SVP Act with knowledge of existing statutes, and the SVP Act contained no indication that the Legislature intended to exempt the Act from the Civil Discovery Act (*Leake, supra,* 87 Cal.App.4th at pp. 680–681.)[10] *Cheek, supra,* 94 Cal.App.4th 980, agreed with *Leake* that the Civil Discovery Act applied to SVP Act proceedings because Code of Civil Procedure section 2016 declared the Civil Discovery Act applicable in both "a civil action and a special proceeding of a civil nature." (*Cheek, supra,* 94 Cal.App.4th at p. 988.)

In the same manner as the Civil Discovery Act of 1986 has been found applicable to SVP Act proceedings because Code of Civil Procedure section 2016 defines a special proceeding of a civil nature as an "action" within the meaning of the Civil Discovery Act(*Leake, supra,* 87 Cal.App.4th at pp. 680–682; *Cheek, supra,* 94 Cal.App.4th at p. 988), summary judgment procedures have been found applicable to special proceedings of a civil nature under a former version of Code of Civil Procedure section 437c that

---

[9] *Preciado* over-generalized from two cases: *People v. Superior Court (Myers)* (1996) 50 Cal.App.4th 826 [58 Cal.Rptr.2d 32], which held that both civil and criminal discovery rules applied to proceedings under the Mentally Disordered Offender Law (Pen. Code, § 2960 et seq., pertaining to mandatory treatment of mentally disordered offenders as a condition of parole) (*Myers, supra,* 50 Cal.App.4th at p. 830), and *People v. Superior Court (Johannes)* (1999) 70 Cal.App.4th 558, 562, fn. 5, [82 Cal.Rptr.2d 852], which noted in dictum that the People could seek writ review of an order dismissing a SVP Act petition, because an order dismissing an involuntary civil commitment petition, unlike an order dismissing a criminal proceeding, is an appealable final judgment.) (*Preciado, supra, 87 Cal.App.4th at p. 1128.*)

[10] *Leake* found further evidence of legislative intent to provide formal discovery under the SVP Act in the absence of a provision, contained in the Mentally Disordered Sex Offenders (MDSO) Act, that allowed for criminal as well as civil discovery in MDSO proceedings. (*Leake, supra,* 87 Cal.App.4th at p. 680.)

defined "action" to "include all types of proceedings."[11] (*Taliaferro v. Coakley* (1960) 186 Cal.App.2d 258, 260 [9 Cal.Rptr. 529] [mandamus]; *Adoption of Backhaus* (1962) 209 Cal.App.2d 13, 20 [25 Cal.Rptr. 581] [adoption]; *Beck v. Reinholtz* (1956) 138 Cal.App.2d 719, 722 [292 P.2d 906] [quiet title], *Walker v. Munro* (1960) 178 Cal.App.2d 67, 70 [2 Cal.Rptr. 737] [declaratory relief.])

▉ But it does not follow that because the Civil Discovery Act applies to SVP Act proceedings that summary judgment procedures also apply. Application of the Civil Discovery Act to SVP proceedings *clarified* procedures whereby the respondent in a SVP proceeding would have "access to all relevant medical and psychological records and reports" that the SVP Act requires. (§ 6603, subd. (a).) Applying summary judgment procedures to SVP proceedings involves no similar resolution of ambiguity.

▉ The purpose of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843 [107 Cal.Rptr.2d 841, 24 P.3d 493].) The court must grant the motion "if all the papers submitted show" that "there is no triable issue as to any material fact and that the "moving party is entitled to a judgment as a matter of law" (Code Civ. Proc., § 437c, subd. (c)). The motion must be supported by "affidavits, declarations, admissions, answers to interrogatories, depositions, and matters of which judicial notice" must or may be taken (Code Civ. Proc., § 437c, subd. (b)). The opposition also "consist[s] of affidavits, declarations,

---

[11] As originally enacted in 1933, Code of Civil Procedure section 437c provided for summary judgment by the plaintiff in an action to recover upon a debt or upon a liquidated demand, including an action to enforce or foreclose a lien or mortgage. (Stats. 1933, ch. 744, § 27, p. 1848.)

In 1953 Code of Civil Procedure section 437c was amended to apply "in any kind of action," and a sentence was added defining " 'action' to include all types of proceedings." (Stats. 1953, ch. 908., § 1, p. 2264.)

In 1973 Code of Civil Procedure section 437c was repealed and reenacted. The definition of "action" was omitted from the 1973 re-enactment, which made summary judgment applicable "in any action or proceeding," as does the current version of the statute. The 1973 version of Code of Civil Procedure section 437c applied "in any action or proceeding if it is contended that the action has no merit or that there is no defense thereto." (Stats. 1973, ch. 366, § 2, p. 807.)

In 1992 Code of Civil Procedure section 437c was amended to its current form: "Any party may move for summary judgment in any action or proceeding if it is contended that the action has no merit or that there is no defense to the action or proceeding ...." (Code Civ. Proc., § 437c, subd. (a); Stats. 1992, ch. 1348, § 1, p. 6699.) Although Code of Civil Procedure section 437c is facially ambiguous concerning whether a motion for summary judgment may be brought defensively in a special proceeding, we find no indication in the legislative history of the 1992 amendment that the Legislature intended to limit the section's scope.

admissions, answers to interrogatories, depositions, and matters of which judicial notice" must or may be taken. (*Ibid.*)

■ Since "[a]*ny party* may move for summary judgment in any action or proceeding if it is contended that the action has no merit or that there is no defense to the action or proceeding ...." (Code Civ. Proc., § 437c, subd. (a), italics added), incorporating summary judgment into SVP Act proceedings would potentially supplant SVP Act's probable cause hearing and trial. We note that a "paper review procedure" has been found insufficient to establish probable cause for SVP Act purposes. (*In re Parker, supra*, 60 Cal.App.4th at pp. 1469–1470.)

Moreover, notwithstanding the proviso of Code of Civil Procedure section 437c that it applies in "any action or proceeding," summary judgment has been found to be unavailable in certain cases by virtue of either statute or case law (6 Witkin, Cal. Procedure (4th ed. 1997) Proceedings Without Trial, § 184, p. 596), among them special proceedings of a civil nature.

The Court of Appeal in *Anderson v. County of Santa Barbara* (1976) 56 Cal.App.3d 780 [128 Cal.Rptr. 707] held that summary judgment was unavailable in a special proceeding under Elections Code section 20023 et seq. to contest an election, because of an inherent inconsistency between Code of Civil Procedure section 437c and the procedures applicable to election contests, specifically the requirement that trial for an election contest commence no later than 45 days after the notice of contest is filed with the county clerk, and the prohibition against filing a motion for summary judgment earlier than 60 days following a general appearance. (*Anderson v. County of Santa Barbara, supra*, 56 Cal.App.3d at pp. 786–787.)

The court in *In re Mark K.* (1984) 159 Cal.App.3d 94 [205 Cal.Rptr. 393] (*Mark K.*) also found summary judgment unavailable in a special proceeding under former Civil Code section 232[12] because of inherent inconsistencies between summary judgment and speedy trial requirements of procedures for termination of parental rights. *Mark K.* found additional support for the unavailability of summary judgment in the parental right termination proceeding's higher standard of proof, clear and convincing evidence, as compared to the preponderance of the evidence standard required in the usual civil action. (*Mark K., supra*, 159 Cal.App.3d at p. 103.)

■ So too, Code of Civil Procedure section 437c is inherently inconsistent with the SVP Act because the *mutual* summary procedures set forth in Code of Civil Procedure section 437c, if applied to SVP Act proceedings,

---

[12] Current Family Code sections 7826–7827.

would allow an individual to be adjudicated a sexually violent predator without benefit of the required beyond a reasonable doubt burden of proof and, in the case of a jury trial, a unanimous verdict-impairing the requirements that are at the heart of the statute's due process protections. Petitioner, in fact, concedes that summary judgment could not be obtained by "any party" to a SVP Act proceeding. He argues, however, that mutuality is not required in SVP Act probable cause hearings, and that allowing respondents in SVP Act proceedings to unilaterally avail themselves of summary judgment procedures would serve judicial economy and counterbalance their lack of rights to bail and speedy trial. He also points out that "resort to non-statutory procedural motions" is accepted in criminal law practice, and that the California Supreme Court in *People v. Superior Court (Ghilotti)* (2002) 27 Cal.4th 888 [119 Cal.Rptr.2d 1, 44 P.3d 949], instituted a procedure not specifically authorized by the SVP Act, permitting the trial court to review expert evaluations for facial material legal error. But our mission is to discern legislative intent; criminal law motions cannot be presumed applicable to SVP Act proceedings, which are civil in nature, and *Ghilotti* is distinguishable because its holding rests on the court's inherent judicial power to determine whether an evaluator's recommendation stems, on its face, from an inaccurate understanding of statutory criteria, and therefore constitutes legal error. (*Ghilotti, supra*, 27 Cal.4th at p. 912.)

The question before us is whether the trial court erred, as a matter of law, in determining that summary judgment procedures were inapplicable to SVP Act proceedings. We find that it did not. It is evident that, unlike reciprocal Civil Discovery Act procedures, Code of Civil Procedure section 437c could not be incorporated in SVP Act proceedings without a material alteration. Accordingly, the Legislature could not have intended its inclusion.

Petitioner is not without remedies. He may raise the jurisdictional issue at his probable cause hearing. Habeas corpus, which is available to challenge psychiatric confinement under other civil commitment statutes, may also be used to challenge a finding of probable cause under the Act. (*People v. Talhelm* (2000) 85 Cal.App.4th 400, 404–405 [102 Cal.Rptr.2d 150].)

## DISPOSITION

The order to show cause is discharged. The petition is denied. The stay heretofore issued is dissolved.

Nott, J., and Doi Todd, J., concurred.

Petitioner's petition for review by the Supreme Court was denied October 29, 2003.