Filed 5/3/21  Littlejohn-Zabel v. Toche CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CHARLES GENE LITTLEJOHN-ZABEL, JR., <br><br> Cross-complainant and Appellant, <br><br> v. <br><br> DIANA TOCHE, as Undersecretary, etc. et al., <br><br> Cross-defendants and Respondents. | F079626 <br><br> (Tuolumne Super. Ct. No. CRP53759) <br><br> **ORDER MODIFYING OPINION [NO CHANGE IN JUDGMENT]** |

THE COURT:

It is ordered that the opinion filed herein on April 19, 2021, be modified as follows:

1.  On page 12, the first full paragraph, the sentence beginning "Finally, as noted by the District Attorney's brief as respondent herein" is deleted and the following sentence is inserted in its place:

Finally, as noted by the State, appellant failed to file opposition in the trial court to the demurrer raising the grounds upon which the answer/cross-complaint was improper.

2.  On page 13, the second sentence of the paragraph beginning "In arguing a continuance was needed" is deleted and the following sentence is inserted in its place:

The State responds that, to a significant extent, the so-called unusual conduct was on the part of appellant's own counsel; and in any event, attorney Zabel was able to make a limited appearance on appellant's behalf at the demurrer hearing and filed an opposition to one of the demurrers.

Except for the modifications set forth, the opinion previously filed remains unchanged.

These modifications do not effect a change in the judgment.

Levy, Acting P.J.

WE CONCUR:


Franson, J.


Peña, J.

Filed 4/19/21  Littlejohn-Zabel v. Toche CA5 (unmodified opinion)

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CHARLES GENE LITTLEJOHN-ZABEL, JR., Cross-complainant and Appellant, v. DIANA TOCHE, as Undersecretary, etc. et al., Cross-defendants and Respondents. | F079626 (Super. Ct. No. CRP53759) **OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Tuolumne County.  James A. Boscoe, Judge.

Leah R. Zabel for Cross-complainant and Appellant.

Xavier Becerra, Attorney General, Matthew Rodriquez, Acting Attorney General, Monica N. Anderson, Assistant Attorney General, and Misha D. Igra, Deputy Attorney General, for Cross-defendants and Respondents.

-ooOoo-

Before the prison sentence of appellant Charles Gene Littlejohn-Zabel, Jr., was concluded, the Tuolumne County District Attorney (the District Attorney) filed a petition in the trial court to have appellant civilly committed under the Sexually Violent Predator

Act (Welf. & Inst. Code, § 6600 et seq., SVPA).[1] Appellant responded to the petition by filing an answer stating affirmative defenses as one might do in an ordinary civil lawsuit, and additionally, appellant presented a cross-complaint against certain state agencies and officials (collectively the State)[2] for alleged disability discrimination in the provision of mental health services to appellant and other inmates. The District Attorney and the State each interposed demurrers to appellant's answer and cross-complaint. The trial court sustained one of the main grounds raised for demurrer to the cross-complaint: namely, the cross-complaint was not a permissible pleading in special proceedings under the SVPA. In light of that determination, the trial court struck the cross-complaint and dismissed it without prejudice.

In the present appeal, appellant challenges the trial court's order disposing of the cross-complaint. We conclude the trial court correctly recognized that a cross-complaint is improper as a matter of law in SVPA special proceedings, which was the context here. Under the circumstances, it was clearly appropriate for the trial court not only to sustain the demurrer, but also to strike and dismiss the cross-complaint from the SVPA proceedings before it. Accordingly, the judgment of the trial court is hereby affirmed.

## FACTS AND PROCEDURAL HISTORY

In 2012, appellant was sentenced to six years in prison for violating Penal Code section 288, subdivision (a), the crime of lewd acts upon a child. Prior to that time, he

---

[1]     Unless otherwise indicated, further statutory references are to the Welfare and Institutions Code.

[2]     The state agencies named as cross-defendants in appellant's cross-complaint were the California Department of Corrections and Rehabilitation (CDCR) and the California Department of State Hospitals (DSH). The state officials named therein were Ralph M. Diaz, as Secretary of the CDCR; Diana Toche, as Undersecretary of the CDCR; Matthew Garber, as a Deputy Director of DSH; and Jerry Brown, as Governor of the State of California. We note that cross-defendants Garber and Governor Brown, while named in the cross-complaint, were not served at the time of the dispositive motions in this case.

2.

was on probation for violating Penal Code section 647.6, subdivision (a)(1), after he had molested a child.

The SVPA Petition

On July 12, 2017, about three weeks before appellant's scheduled release from prison, and based upon the recommendation of DSH, the District Attorney filed a petition on behalf of the People of the State of California for the commitment of appellant as a sexually violent predator (SVP) pursuant to the SVPA (the petition).  The petition was supported by a detailed mental health evaluation and report prepared by Charles Flinton, Ph.D., a clinical and forensic psychologist, explaining his conclusions that appellant met the statutory criteria of an SVP as defined in section 6600, subdivision (a).  That section of the SVPA defines an SVP as "a person who has been convicted of a sexually violent offense against one or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely he or she will engage in sexually violent criminal behavior."  (§ 6600, subd. (a)(1).)

As preliminary legal background, we note the special proceedings framed by the SVPA are narrowly focused.  The filing of an SVPA petition requires the trial court to promptly hold a hearing to determine whether "there is probable cause to believe that the individual named in the petition is likely to engage in sexually violent predatory criminal behavior upon his or her release" (§ 6602, subd. (a)), and if probable cause is found, a trial will subsequently be conducted to determine whether, beyond a reasonable doubt, the individual named in the petition is an SVP.  (§§ 6602, subd. (a), 6603, subd. (a), 6604.)  If through this process the individual is found to be an SVP by a court or jury, civil commitment at a state hospital will be used for the purpose of treating his or her current mental disorders and to reduce the threat of harm otherwise posed to the public. (*People v. Buffington* (1999) 74 Cal.App.4th 1149, 1152; § 6604.)

3.

Appellant's Responsive Pleadings

On December 11, 2018, in a response to the petition, appellant filed an answer combined with what was labeled as a compulsory cross-complaint. On December 31, 2018, appellant filed an amended version of these pleadings. The latter were appellant's relevant pleadings at the time of the demurrers and are referred to herein as simply the answer and the cross-complaint. Appellant's answer claimed affirmative defenses existed (e.g., unclean hands, failure to state a cause of action, estoppel), and further stated that appellant lacked information and belief to admit or deny many of the allegations in the petition.

As noted, concurrent with the filing of the answer appellant also presented a cross-complaint against the State, naming two state agencies or departments (i.e., CDCR and DSH) and various state officials. The cross-complaint alleged that disability discrimination had been committed by the State in violation of California law and federal statutes because the State allegedly denied or delayed adequate mental health treatment services to appellant (and others similarly situated to appellant) during all but the final six-month period of his incarceration. The cross-complaint sought both declaratory and injunctive relief.

Demurrers by the District Attorney and the State

On January 9, 2018, the District Attorney filed a "Demurrer/Response" to appellant's "Answer" and "Cross-Complaint." The District Attorney argued that appellant's answer was not a proper pleading in the context of special proceedings under the SVPA. We note this same argument, by clear implication, logically extended to the cross-complaint—which was not separately filed but was part of the same document as the answer. The District Attorney requested in its demurrer papers that the trial court strike appellant's entire "Answer." Later, at the initial hearing on the demurrer before a continuance to March 5, 2019, the District Attorney clarified it was requesting the *cross-complaint* be stricken.

4.

On February 1, 2019, the State filed its demurrer to appellant's cross-complaint. The State's demurrer was noticed for hearing on March 5, 2019. Among other grounds for objecting to the cross-complaint, the State's demurrer argued that appellant's cross-complaint was unrelated to the specific commitment issue under the SVPA petition and therefore the cross-complaint should be dismissed as irrelevant and improper. The State further noted that appellant may potentially be able to pursue his causes of action alleged in the cross-complaint in a separate action or lawsuit, but *not* within the SVPA proceedings.

Representation Issues Arise Prior to Demurrer Hearing

Appellant's cross-complaint indicates it was filed by attorneys with the Tuolumne County Public Defender's Office (the Public Defender's Office). Shortly before the hearing on the demurrers, questions were raised by the District Attorney whether the cross-complaint had been authorized by the county. On February 22, 2019, attorney Leah Zabel, who apparently had assisted with the preparation of the cross-complaint as an intern for the Public Defender's Office, advised the trial court she would be "specially appearing" on appellant's behalf at his request. Attorney Zabel informed the trial court that her "internship" with the Public Defender's Office was discontinued and she would no longer be appearing as part of that office. At the same hearing, attorney Hallie Gorman of the Public Defender's Office indicated a "conflict" declaration would be filed by her, based on directives from the Tuolumne County Human Resources on how to handle the case. Also at the same hearing, Sarah Carrillo, of the County Counsel's Office for Tuolumne County, stated it was the perspective of certain county administrators who oversee use of volunteers and interns, that attorney Zabel's actions as an intern in filing court documents was "not something that was authorized" and concerns were noted about potential liability to state agencies. After hearing these various statements, the trial court accepted Public Defender Gorman's conflict declaration and allowed attorney Zabel to make a limited appearance for appellant, since appellant was "at the moment" otherwise

5.

unrepresented. Attorney Zabel then requested a continuance of the demurrer hearing. The trial court denied the request, leaving the March 5, 2019 hearing for the demurrer on calendar.[3]

The Demurrer Hearing and the Trial Court's Order

On March 1, 2019, attorney Zabel filed opposition papers on appellant's behalf to the demurrer by the State. No written opposition was filed to the demurrer by the District Attorney. At the demurrer hearing on March 5, 2019, attorney Zabel again made a "limited-scope appearance" for appellant.

During the March 5, 2019 hearing, the trial court announced its ruling from the bench, which was to sustain the District Attorney's demurrer and to strike appellant's cross-complaint because it was not an appropriate pleading in response to an SVP petition. The trial court noted that under its ruling, appellant was not precluded from filing a separate action to raise the claims set forth in the cross-complaint, and if that were done, the viability of the allegations could be tested by a demurrer in said separate action. However, as the trial court made clear, the cross-complaint was not permissible within the SVPA special proceedings.

The trial court's minute order for the March 5, 2019 hearing stated as follows: "Based on the research and case law, the Court finds [appellant's] filing of an answer, which includes affirmative defense[s], or a cross-complaint was not appropriate in [the] instant proceedings. The cross-complaint is stricken .… [¶] Demurrer [s]ustained."

On March 27, 2019, the trial court filed its formal written order on the matter. The written order indicated the trial court sustained the District Attorney's demurrer on the ground that the cross-complaint was an improper pleading in the special proceedings. Consequently, the trial court also ordered the cross-complaint "stricken," and that all

---

**3**    However, the jury trial date on the SVPA petition itself was continued or vacated, and new counsel would be appointed to represent appellant in the trial.

6.

persons named as cross-defendants in the cross-complaint were "dismissed without prejudice" from the SVPA proceedings.

Notice of entry of the trial court's March 27, 2019 order was filed on May 16, 2019. Appellant's notice of appeal was timely filed thereafter.

## DISCUSSION

### I. Standard of Review

Section 436 of the Code of Civil Procedure allows the trial court, on a motion made by a party or at any time in the trial court's own discretion, to strike a pleading not filed in conformity with the laws of this state. We review an order striking a pleading for abuse of discretion. (*CLD Construction, Inc. v. City of San Ramon* (2004) 120 Cal.App.4th 1141, 1145.) The same standard of review applies to our review of a dismissal. (*Leader v. Health Industries of America, Inc*. (2001) 89 Cal.App.4th 603, 612.) However, we independently review whether the trial court's legal conclusions were correct. (*Santa Barbara Channelkeeper v. City of San Buenaventura* (2018) 19 Cal.App.5th 1176, 1187.) Likewise, we review an order sustaining a demurrer de novo. (*Burns v. Neiman Marcus Group, Inc.* (2009) 173 Cal.App.4th 479, 486.)

### II. Cross-Complaint Not Permitted in the SVPA Special Proceedings

The primary issue in this appeal is whether a cross-complaint is a permissible pleading in special proceedings under the SVPA. As explained below, we agree with the trial court that it is not.

In California law, judicial remedies have been divided into two classes: actions and special proceedings. (Code Civ. Proc., § 21.) An "action" is defined as "an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." (Code Civ. Proc., § 22.) With respect to civil actions, an action means the same thing as a "suit." (*People v. Yartz* (2005) 37 Cal.4th 529, 536.) A special proceeding is "every other remedy" that is not an action. (Code Civ. Proc.,

7.

§ 23; *People v. Yartz*, *supra*, 37 Cal.4th at p. 536.) As a general rule, a special proceeding is "confined to the type of case which was not, under the common law or equity practice, either an action at law or a suit in equity." (*Tide Water Assoc. Oil Co. v. Superior Court* (1955) 43 Cal.2d 815, 822.) A special proceeding is commenced independently—i.e., not as a part of any pending action—by the filing of a petition or motion in order to obtain special relief (*People v. Superior Court* (*Cheek*) (2001) 94 Cal.App.4th 980, 988), and its procedures are ordinarily governed and limited by the statutory provisions which created the special proceeding (see *Abrams v. Abrams-Rubaloff & Associates, Inc*. (1980) 114 Cal.App.3d 240, 247).

Our Supreme Court has concluded that SVPA commitment proceedings are *special proceedings* of a civil nature. (*People v. Yartz*, *supra*, 37 Cal.4th at pp. 535–536.) This conclusion results in a limitation on the statutory procedural provisions that are available in those proceedings. Part 2 of the Code of Civil Procedure generally does not extend to special proceedings unless the statutes establishing such proceedings expressly incorporate the provisions of part 2.[4] (*People v. Evans* (2005) 132 Cal.App.4th 950, 956; *Bagration v. Superior Court* (2003) 110 Cal.App.4th 1677, 1684–1685; *Agricultural Labor Relations Bd. v. Tex-Cal Land Management, Inc*. (1987) 43 Cal.3d 696, 707.) "The SVPA does not incorporate provisions of part 2 of the Code of Civil Procedure and therefore they do not apply." (*People v. Evans*, *supra*, 132 Cal.App.4th at p. 956.)[5] As a result, various statutory provisions in part 2 of the Code of Civil Procedure have been

---

[4] Part 2 of the Code of Civil Procedure expressly relates to *civil actions*; it presently begins at section 307 and ends at section 1062.20. (Deering's Cal. Codes Ann., part 2, civil actions, titles 1-14; see also Code Civ. Proc., § 1.)

[5] By way of contrast, the Civil Discovery Act (Code Civ. Proc., § 2016.010 et. seq.) is not in part 2 of that code, and by its express terms it applies to both civil actions and special proceedings of a civil nature. (Code Civ. Proc., § 2016.020, subd. (a).) Therefore, it has been held applicable to SVPA proceedings. (See *Bagration v. Superior Court*, *supra*, 110 Cal.App.4th at p. 1686 [Legislature was deemed to have enacted the SVPA with knowledge of existing statutes].)

8.

deemed inapplicable to SVPA proceedings.  For example, it has been held that the summary judgment statute, which is contained in part 2 of the Code of Civil Procedure at section 437c, is inapplicable to SVPA proceedings.  (*Bagration v. Superior Court*, *supra*, 110 Cal.App.4th at pp. 1684–1686, 1688–1689.)  It has also been held that the statute requiring dismissal of an action if it is not brought to trial within five years, i.e., Code of Civil Procedure section 583.310 et seq., is not applicable in SVPA special proceedings.  (*People v. Evans*, *supra*, 132 Cal.App.4th at pp. 955–957.)  Additionally, section 1048 of the Code of Civil Procedure, likewise in part 2 of that code, providing for consolidation "does not authorize consolidation of SVPA petitions for trial."  (*Litmon v. Superior Court* (2004) 123 Cal.App.4th 1156, 1173–1174.)[6]

Here, the statutory provision authorizing the filing of cross-complaints is found in section 428.10 of the Code of Civil Procedure, which is in part 2 of the Code of Civil Procedure relating only to *civil actions*.  Based on the foregoing authority under which the provisions of part 2 of that code are inapplicable to special proceedings unless expressly incorporated therein, we conclude there is no statutory authority to file a cross-complaint in SVPA special proceedings.  Accordingly, appellant's cross-complaint was not a permissible pleading.  This conclusion is not affected by the fact that appellant's cross-complaint was labeled by him to be a "compulsory" cross-complaint.  Where a cross-complaint meets the definition of a compulsory cross-complaint, that would ordinarily mean the cross-complaint must be filed—if at all—in the same action where the complaint has been filed.  (See Code Civ. Proc., § 426.30, subd. (a).)  However, that rule has no application to this case.  Not only are the provisions relating to compulsory

---

[6]      As *Litmon v. Superior Court* pointed out, even in special proceedings courts still have the inherent authority, as well as authority under Code of Civil Procedure section 187, to fashion procedures to carry out the court's duties and administer justice.  (*Litmon v. Superior Court*, *supra*, 123 Cal.App.4th at p. 1174.)  We shall briefly consider the trial court's inherent authority in this matter hereinbelow.

9.

cross-complaints found in part 2 of the Code of Civil Procedure, and for that reason inapplicable here, but the specific article within part 2 of the code addressing compulsory cross-complaints expressly states the article does not apply to special proceedings. (Code Civ. Proc., § 426.60, subd. (a).) For these reasons, whether the cross-complaint was compulsory or not, we hold it was an impermissible pleading in the special proceedings under the SVPA.

In so holding, we acknowledge that even where there is no statutory basis for a particular procedure or practice in a special proceeding, a court still has inherent power, as well as power under section 187 of the Code of Civil Procedure, to adopt any suitable process to enable it to carry out its duties or to insure the orderly administration of justice. (*Rutherford v. Owens-Illinois, Inc*. (1997) 16 Cal.4th 953, 967.) In regard to such inherent power, "[i]t is not only proper but at times may be necessary for a court to follow provisions of the Code of Civil Procedure which are harmonious with the objects and purposes of the proceeding although those provisions are not specifically made applicable by the statute which creates the proceeding." (*Tide Water Assoc. Oil Co. v. Superior Court*, *supra*, 43 Cal.2d at p. 825.) However, there are limits on the use of this inherent power: A court may not adopt a procedure or practice in a particular case if it would be inconsistent with statute or other law. (*Rutherford v. Owens-Illinois, Inc*., *supra*, 16 Cal.4th at p. 967; *Litmon v. Superior Court*, *supra*, 123 Cal.App.4th at p. 1175.) In deciding whether a procedure or practice (here, the filing of a cross-complaint) would be inconsistent with the governing statute (i.e., SVPA), we seek to discern legislative intent. (*Bagration v. Superior Court*, *supra*, 110 Cal.App.4th 1677; *Litmon v. Superior Court*, *supra*, 123 Cal.App.4th at p. 1175.)

We have no difficulty concluding that the filing of a cross-complaint bringing in new parties and extrinsic causes of action would be incompatible with the limited nature of the special proceedings created by the SVPA. Commitment proceedings under the SVPA are singularly focused upon the question of whether the individual named in the

petition should be civilly committed as an SVP. (See, e.g., *Cooley v. Superior Court* (2002) 29 Cal.4th 228, 244 [the SVPA provides a complex administrative and judicial process to determine whether an offender should be civilly committed as an SVP].) The entire structure of the process is designed to both fairly and efficiently resolve the crucial issue of whether the individual named in the petition is an SVP as defined in section 6600, subdivision (a)(1), and if that finding is made beyond a reasonable doubt by the court or jury, to provide for that individual's civil commitment and treatment. (§§ 6600, 6602, 6602.5, 6603, 6604, 6604.1.) It would be inconsistent with the special and limited scope of the special proceedings created by the SVPA to allow those proceedings to be encumbered by the addition of new parties, new issues or extrinsic claims through means of a cross-complaint. Accordingly, we conclude the filing by appellant of a cross-complaint in this case was not an instance of a process that could have been adopted under the court's inherent powers. (See, e.g., *People v. Evans*, *supra*, 132 Cal.App.4th at p. 956 [mandatory dismissal statute inconsistent with character of SVPA]; *Bagration v. Superior Court*, *supra*, 110 Cal.App.4th at pp. 1688–1689 [SVPA and section 437c of Code Civ. Proc. deemed incompatible]; *Tide Water Assoc. Oil Co. v. Superior Court*, *supra*, 43 Cal.2d 815, 824–825 [noting a cross-action is not permitted in unlawful detainer special proceedings, in part because to do so would frustrate purpose of having a summary proceeding to obtain possession of premises].)

For all of the reasons explained hereinabove, we conclude the cross-complaint was not a permissible pleading in the SVPA special proceedings.

## III. Trial Court Property Granted Dispositive Relief

A trial court may strike all or part of any pleading not filed in conformity with the laws of this state. (Code Civ. Proc., § 436.) A motion to strike may be granted on a motion of a party, or at any time in the court's discretion. (*Ibid*.; see *Lodi v. Lodi* (1985) 173 Cal.App.3d 628, 631 [court may strike pleading on its own motion].) A motion to strike is properly granted as to an improper or unauthorized pleading. (See, e.g., *Rydell v.*

11.

*Beverly Hills Printing & Publishing Co*. (1927) 88 Cal.App. 216, 219–220 [motion to strike cross-complaint in unlawful detainer proceedings affirmed, since cross-complaint not permitted in such proceedings]; *Milstein v. Turner* (1951) 107 Cal.App.2d 184, 185 [order striking improper answer filed by nonparty affirmed]; see also *Leader v. Health Industries of America, Inc*., *supra*, 89 Cal.App.4th 603, 613 [pleading not filed in conformity with deadline or court's order may be stricken].) As we have concluded hereinabove, appellant's cross-complaint was clearly an improper pleading. Therefore, the trial court was correct in striking it and did not abuse its discretion, regardless of whether the motion to strike was on the court's own motion or upon a party's motion.

The trial court *also* dismissed the cross-defendants named in the cross-complaint, without prejudice, thereby allowing appellant to assert the causes of action in a separate action. The effect of the order striking *and* dismissing the cross-complaint was to remove the improper pleading from the SVPA special proceedings. Appellant has not explained or demonstrated in the instant appeal how this form of dismissal, in conjunction with the granting of the motion to strike, may have constituted an error in the present situation, much less prejudicial error. We conclude the matter is forfeited. (See, e.g., *Bank of America, N.A. v. Roberts* (2013) 217 Cal.App.4th 1386, 1399 [points that lack adequate discussion or citation to authority may be treated as abandoned]; *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655 [inadequately briefed issue deemed forfeited].) Finally, as noted by the District Attorney's brief as respondent herein, appellant failed to file opposition in the trial court to its demurrer raising the grounds upon which the answer/cross-complaint was improper. This, too, resulted in a forfeiture of such arguments on appeal. (See *In re G.C.* (2013) 216 Cal.App.4th 1391, 1398.)

We conclude that the trial court correctly disposed of the improper cross-complaint by granting a motion to strike and dismissing it without prejudice, which rulings thereby removed the cross-complaint from the SVPA special proceedings.[7]

## IV. No Reversible Error Regarding Denial of Continuance

Finally, appellant claims the trial court erred in refusing to grant a continuance of the demurrer hearing at the time when issues arose regarding appellant's representation. As discussed below, we conclude no prejudicial abuse of discretion has been shown.

A trial court has broad discretion in deciding whether to grant a request for a continuance. (*Freeman v. Sullivant* (2011) 192 Cal.App.4th 523, 527.) The grant or denial of a continuance cannot be disturbed on appeal except upon a clear showing of an abuse of discretion. (*Lazarus v. Titmus* (1998) 64 Cal.App.4th 1242, 1249.) "[A]n abuse of discretion results in reversible error only when the denial of a continuance results in the denial of a fair hearing, or otherwise prejudices a party." (*Freeman v. Sullivant*, *supra*, 192 Cal.App.4th at p. 527.)

In arguing a continuance was needed, appellant points to "unusual conduct" giving rise to the conflict by the public defender, which meant that appellant's counsel of record had withdrawn shortly before the demurrer hearing. The District Attorney responds that, to a significant extent, the so-called unusual conduct was on the part of appellant's own counsel; and in any event, attorney Zabel was able to make a limited appearance on appellant's behalf at the demurrer hearing and filed an opposition to one of the demurrers. Having reviewed the matter, we observe that appellant has failed to identify any prejudice that may have resulted from the fact that the demurrer went forward on the scheduled date. Appellant's failure on this point is decisive, because even if error

---

[7] Whether the precise means for challenging and disposing of the improper cross-complaint in this case should have been a motion to strike rather than a demurrer is not an issue that matters, and is beside the point, since both means were ruled on and utilized by the trial court.

occurred, it is not reversible on appeal absent a demonstration of prejudice.  (Code Civ. Proc., § 475; *Yield Dynamics, Inc. v. TEA Systems Corp*. (2007) 154 Cal.App.4th 547, 557; *Cassim v. Allstate Ins. Co*. (2004) 33 Cal.4th 780, 800–802.)  Moreover, since it is clear in this case that appellant's cross-complaint was an improper pleading as a matter of law, it is apparent that no prejudice could have resulted to appellant.

## DISPOSITION

The order of the trial court is affirmed.  Each party shall bear its own costs on appeal.


                                                              LEVY, Acting P.J.
WE CONCUR:


FRANSON, J.


PEÑA, J.


14.