36 Cal.Rptr.3d 328 (2005)
37 Cal.4th 529
123 P.3d 604
The PEOPLE, Plaintiff and Respondent,
v.
Norman YARTZ, Defendant and Appellant.
No. S117964.
Supreme Court of California.
December 5, 2005.
As Modified December 5, 2005.
*329 Linn Davis, Norco, under appointment by the Supreme Court, and Cynthia A. Thomas, Sacramento, for Defendant and Appellant.
Bill Lockyer, Attorney General, Manuel M. Medeiros, State Solicitor, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Senior Assistant Attorney General, Janet E. Neeley and Paul A. Bernardino, Deputy Attorneys General, Sacramento, for Plaintiff and Respondent.
CHIN, J.
We must decide whether a 1978 conviction based on a nolo contendere, or no contest, plea may serve as a predicate prior conviction in a civil commitment proceeding under the Sexually Violent Predators Act (SVPA or Act). (Welf. & Inst.Code,[1] §§ 6600 et seq.) Before its 1982 amendment, Penal Code section 1016, former subdivision (3), provided that a defendant's nolo contendere plea "may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based." (Stats.1976, ch. 1088, § 1, p. 4931.) The issue is whether an SVPA proceeding is a "civil suit" for purposes of this former subdivision.
For reasons that follow, we conclude that an SVPA civil commitment proceeding is a special proceeding of a civil nature, and not a "civil suit" under Penal Code section 1016, former subdivision (3). As such, defendant Norman Yartz's 1978 conviction for child molestation may be used as a predicate prior conviction to support his SVPA civil commitment. (§ 6600, subd. (a)(1).)
Thus, we reverse the judgment of the Court of Appeal, which held to the contrary.

*330 FACTUAL AND PROCEDURAL BACKGROUND
In 1978, defendant pled no contest to, and was convicted of, committing a lewd or lascivious act on a child under the age of 14. (Pen.Code, § 288.) The victim was a 10-year-old girl who was living with her mother and defendant at defendant's residence for several weeks. He admitted molesting the victim over a period of one week. He was committed to Atascadero State Hospital as a mentally disordered sex offender (MDSO). After the medical director determined defendant was not amenable to treatment, defendant's MDSO commitment was terminated. On January 22, 1980, a superior court sentenced defendant to five years in state prison. In 1985, defendant was again convicted of violating Penal Code section 288 involving another victim, an eight-year-old girl who was a friend of defendant's daughter. Defendant was sentenced to 22 years in state prison.
On May 16, 1997, the San Joaquin County District Attorney petitioned to commit defendant as a sexually violent predator (SVP) under the Act. (§ 6601.) The petition alleged that defendant had two prior convictions for sexually violent offenses against two separate victims, one in 1978 and the other in 1985. Defendant moved to exclude evidence of his 1978 conviction. He argued that this conviction was based on his no contest plea, which at the time was governed by Penal Code section 1016, former subdivision (3). This former subdivision, defendant maintained, prohibited the use of his no contest plea in a later civil suit, including an SVPA civil commitment proceeding.
The trial court denied the motion. A jury found defendant to be a sexually violent predator and the court committed him to the Department of Mental Health for two years. Defendant appealed. The Court of Appeal reversed.
Citing Leake v. Superior Court (2001) 87 Cal.App.4th 675, 680, 104 Cal.Rptr.2d 767 (Leake), which concluded that an SVPA proceeding is a "civil action or a special proceeding of a civil nature," the Court of Appeal agreed with defendant that his 1978 conviction was subject to the limitation of Penal Code section 1016, former subdivision (3): "Certainly, it must be said that an SVP proceeding which relies in part on defendant's earlier conviction for violating [Penal Code] section 288 necessarily is a civil action based upon or growing out of the act upon which that criminal prosecution was based." In addition, the Court of Appeal concluded that the 1982 amendment to Penal Code section 1016, subdivision (3), which made a no contest plea to a felony charge "the same as that of a plea of guilty for all purposes," did not apply to defendant's 1978 conviction to permit its use in the current SVPA proceeding. "In effect, what the People seek is an impermissible retroactive application of the amendment to section 1016 in 1982."
Based on the foregoing, the Court of Appeal concluded defendant's 1978 conviction based on his no contest plea could not be used as a predicate offense to support his civil commitment under the SVPA. (§ 6600, subd. (a).) It reversed the trial court's commitment order. We granted review.

DISCUSSION
Relying on Penal Code section 1016, former subdivision (3), defendant argues that his 1978 conviction based on his nolo contendere plea may not support his civil commitment as an SVP. From 1976 to 1982, Penal Code section 1016, former subdivision (3), governed nolo contendere pleas.[2] "The legal effect of [a nolo contendere] *331 plea shall be the same as that of a plea of guilty, but the plea and any admission required by the court during any inquiry it makes as to the voluntariness of and factual basis for the plea may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based." (Stats.1976, ch. 1088, § 1, p. 4931, italics added.) At issue here is whether an SVPA commitment proceeding is a "civil suit" for purposes of Penal Code section 1016, former subdivision (3). We begin with a discussion of the SVPA.

A. The SVPA
"The SVPA provides for the involuntary civil commitment of an offender immediately upon release from prison, for a two-year period, if the offender is found to be an SVP." (Cooley v. Superior Court (2002) 29 Cal.4th 228, 243, 127 Cal.Rptr.2d 177, 57 P.3d 654 (Cooley).) To establish that an offender is a "[s]exually violent predator," the prosecution must prove beyond a reasonable doubt that the person (1) "has been convicted of a sexually violent offense against two or more victims," and (2) "has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." (§§ 6600, subd. (a)(1), 6604.)[3]
The SVPA is not punitive in purpose or effect. (Hubbart v. Superior Court (1999) 19 Cal.4th 1138, 1166, 1171, 81 Cal.Rptr.2d 492, 969 P.2d 584 (Hubbart).) Its proceedings are "civil in nature...." (Cooley, supra, 29 Cal.4th at p. 250, 127 Cal.Rptr.2d 177, 57 P.3d 654, citing Hubbart, supra, 19 Cal.4th at p. 1172, 81 Cal.Rptr.2d 492, 969 P.2d 584; People v. Superior Court (Preciado) (2001) 87 Cal.App.4th 1122, 1128, 105 Cal.Rptr.2d 159.) More than 40 years before the SVPA's 1995 enactment, we concluded that "[s]exual psychopathy proceedings are special proceedings of a civil nature which are collateral to the criminal case. [Citations.]" (Gross v. Superior Court (1954) 42 Cal.2d 816, 820, 270 P.2d 1025 (Gross) [former § 5500 et seq., recodified as former § 6300 et seq.]; see also In re Gary W. (1971) 5 Cal.3d 296, 309, 96 Cal.Rptr. 1, 486 P.2d 1201 [§ 1800 "[c]ommitment proceedings are `special proceedings of a civil nature'"].)
Relying in part on Hubbart, several Courts of Appeal have described an SVPA commitment proceeding as a "special proceeding of a civil nature." (People v. Superior Court (Cheek) (2001) 94 Cal.App.4th 980, 988, 114 Cal.Rptr.2d 760 (Cheek); see Bagration v. Superior Court (2003) 110 Cal.App.4th 1677, 1685, 3 Cal.Rptr.3d 292 (Bagration) [following Cheek]; see also Leake, supra, 87 Cal.App.4th at p. 680, 104 Cal.Rptr.2d 767; People v. Hedge (1999) 72 Cal.App.4th 1466, 1477, 86 Cal.Rptr.2d 52.) However, the Leake Court of Appeal also concluded that the Legislature enacted the SVPA "as a civil action." (Leake, supra, 87 Cal.App.4th at p. 680, 104 Cal.Rptr.2d 767.) *332 Based on Leake, the Court of Appeal here declared that an SVPA proceeding is a civil action, and as such, concluded that Penal Code section 1016, former subdivision (3), prohibited the use of defendant's 1978 conviction. We conclude that Leake incorrectly implied that an SVPA proceeding is a civil action. (See Gross, supra, 42 Cal.2d at p. 820, 270 P.2d 1025.)
In Leake, the Court of Appeal held that the Civil Discovery Act of 1986 (Code Civ. Proc., § 2016 et seq.) applies to SVPA proceedings. (Leake, supra, 87 Cal.App.4th at p. 679, 104 Cal.Rptr.2d 767.) In so holding, the Court of Appeal first noted the 1986 act applies to an "action," which includes "a civil action and a special proceeding of a civil nature" under Code of Civil Procedure section 2016, subdivision (b)(1). (Leake, supra, 87 Cal.App.4th at p. 679, 104 Cal.Rptr.2d 767.) Citing several civil commitment schemes as support, the court next concluded: "It is apparent that the Legislature designed the SVPA as a civil action or special proceeding of a civil nature because it set the SVPA in the Welfare and Institutions Code among other civil commitment statutory schemes." (Leake, supra, 87 Cal.App.4th at p. 680, 104 Cal.Rptr.2d 767 [citing Lanterman-Petris-Short Act (LPS Act) (§ 5000 et seq.), Mentally Disordered Sex Offenders Act (former § 6300 et seq., repealed in 1981), Mentally Retarded Persons Law (§ 6500 et seq.)].)
However, in correlating a civil action with a special proceeding, the Leake Court of Appeal incorrectly suggested that proceedings under one or more of the civil commitment schemes constituted "civil actions." (See Bagration, supra, 110 Cal.App.4th at p. 1685, fn. 7, 3 Cal.Rptr.3d 292 ["special proceedings" include proceedings under LPS Act and § 6500]; People v. Succop (1967) 67 Cal.2d 785, 789, 63 Cal.Rptr. 569, 433 P.2d 473 [former § 5500 et seq. "establish special proceedings of a civil nature relating to mentally disordered sex offenders"].) Contrary to Leake's suggestion, there is a critical distinction between a civil action and a special proceeding of a civil nature; by definition, they are mutually exclusive.
Since 1872, judicial remedies have been divided into two classes: actions and special proceedings. (Code Civ. Proc., § 21.) An "action" is defined as "an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." (Id., § 22; see id. § 30 [defining "civil action"].) A "special proceeding" is "[e]very other remedy" that is not an "action." (Code Civ. Proc., § 23; Tide Water Assoc. Oil Co. v. Superior Court (1955) 43 Cal.2d 815, 822, 279 P.2d 35 ["As a general rule, a special proceeding is confined to the type of case which was not, under the common law or equity practice, either an action at law or a suit in equity"].) With respect to civil actions, "an `action' means the same thing as a `suit.' [Citation.]" (3 Witkin, Cal. Procedure (4th ed.1996), Actions, § 11, p. 64, italics omitted; 1 Am.Jur.2d (2005) Actions, § 4, p. 798.) Indeed, the Legislature used the terms "civil action" and "civil suit" interchangeably in this context. Evidence Code former section 1300 (Stats.1965, ch. 299, § 2, p. 1345), which used the term "civil action," reflected Penal Code section 1016, former subdivision (3)'s policy of limiting the use of a nolo contendere plea in a "civil suit." (Cartwright, supra, 16 Cal.3d at p. 774, fn. 9, 129 Cal.Rptr. 462, 548 P.2d 1134.)
Thus, as the Cheek Court of Appeal correctly concluded, "an SVPA commitment proceeding is a special proceeding of a civil nature, because it is neither an action at law nor a suit in equity, but *333 instead is a civil commitment proceeding commenced by petition independently of a pending action." (Cheek, supra, 94 Cal.App.4th at p. 988, 114 Cal.Rptr.2d 760.) To the extent it suggests that an SVPA proceeding is a civil action, we disapprove Leake, supra, 87 Cal.App.4th 675, 104 Cal.Rptr.2d 767.[4]

B. Penal Code Section 1016, Former Subdivision (3)
Defendant, however, argues that even if the SVPA civil commitment proceeding is not a civil action but a special proceeding of a civil nature, the definition of "civil suit" under Penal Code section 1016, former subdivision (3), is broader than a civil action, encompassing "all actions at law, actions in equity and special proceedings." The Attorney General, however, maintains an action is the same thing as a suit; therefore, the provision does not apply to an SVPA proceeding and defendant's 1978 conviction may be used to support his civil commitment.[5]
Penal Code section 1016, former subdivision (3), provided in part that a nolo contendere plea "may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based." (Stats.1976, ch. 1088, § 1, p. 4931.)[6] The former subdivision did not define the term "civil suit," nor does the current version define it in the context of nolo contendere pleas in nonfelony cases. (Id., § 1016, subd. (3).)
"In construing a statute, our task is to determine the Legislature's intent and purpose for the enactment. (People v. Tindall (2000) 24 Cal.4th 767, 772, 102 Cal.Rptr.2d 533, 14 P.3d 207.) We look first to the plain meaning of the statutory language, giving the words their usual and ordinary meaning. (Ibid.) If there is no ambiguity in the statutory language, its plain meaning controls; we presume the Legislature meant what it said. (Ibid.) `However, if the statutory language permits more than one reasonable interpretation, courts may consider various extrinsic aids, including the purpose of the statute, the evils to be remedied, the legislative history, public policy, and the statutory scheme encompassing the statute.' [Citations.]" (People v. Garcia (2002) 28 Cal.4th 1166, 1172, 124 Cal.Rptr.2d 464, 52 *334 P.3d 648.) For reasons that follow, we reject defendant's contention that the term "civil suit" under Penal Code section 1016, former subdivision (3), is broader than a "civil action," and includes a "special proceeding."
As noted above, the term "civil action" is by definition not a "special proceeding" (Code Civ. Proc., §§ 22, 23, 30), and "civil action" does not have a different meaning from "civil suit." (See ante, 36 Cal.Rptr.3d at pp. 332-333, 123 P.3d at pp. 607-608.) Furthermore, the Legislature used both "civil suit" and "civil action" in complementary statutory provisions (Pen.Code, § 1016, former subd. (3); Evid.Code, former § 1300; see ante, at p. 332-333, 123 P.3d at p. 607-608), confirming that these terms are interchangeable in this context. When the Legislature added former subdivision (3) to Penal Code section 1016 in 1963 and used the term "civil suit," it was presumably aware of not only these statutory definitions, but also our earlier holding that "[s]exual psychopathy proceedings are special proceedings of a civil nature." (Gross, supra, 42 Cal.2d at p. 820, 270 P.2d 1025.) "The Legislature, of course, is deemed to be aware of statutes and judicial decisions already in existence, and to have enacted or amended a statute in light thereof. [Citation.]" (People v. Harrison (1989) 48 Cal.3d 321, 329, 256 Cal.Rptr. 401, 768 P.2d 1078.) Based on the statutory language, we conclude that the Legislature did not intend to include a special proceeding like a sexual psychopathy proceeding within the definition of "civil suit." (Pen.Code, § 1016, former subd. (3).)
Although there is little legislative history of the amendment adding the nolo contendere plea to Penal Code section 1016,[7] the background behind this amendment undercuts defendant's broad definition of "civil suit." (See Quinn v. State of California (1975) 15 Cal.3d 162, 173, 124 Cal.Rptr. 1, 539 P.2d 761 ["contemporaneous construction ... may shed important light on legislative intent"].) In 1963, the Legislature amended Penal Code section 1016  permitting defendants to enter a nolo contendere plea with the consent of the district attorney and the approval of the court  reportedly in response to our decision in Teitelbaum Furs, Inc. v. Dominion Ins. Co., Ltd. (1962) 58 Cal.2d 601, 25 Cal.Rptr. 559, 375 P.2d 439 (Teitelbaum). (Note, Nolo Contendere  Its Use and Effect (1964) 52 Cal. L.Rev. 408, 409 (hereafter Nolo Contendere.) In Teitelbaum, we held that in certain circumstances, "any issue necessarily decided in a prior criminal proceeding is conclusively determined as to the parties if it is involved in a subsequent civil action." (Teitelbaum, supra, 58 Cal.2d at p. 607, 25 Cal.Rptr. 559, 375 P.2d 439.) We also said, "A plea of guilty is admissible in a subsequent civil action on the independent ground that it is an admission." (Id. at p. 605, 25 Cal.Rptr. 559, 375 P.2d 439.)
After our Teitelbaum decision, "[i]t is reported that at the legislative hearings on California Penal Code Section 1016(3), a general dissatisfaction was voiced against *335 using criminal cases as a basis for civil actions. [Fn. omitted.] By providing defendants with a nolo plea, the legislators hoped to curb the overlapping of criminal and civil cases. The plea enables the defendant both to save the time and expense of trial and guard himself against admissions that could be used in a subsequent civil suit." (Nolo Contendere, supra, 52 Cal. L.Rev. at p. 409.) Reviewing the 1963 legislation, the State Bar Journal explained, "The plea of nolo contendere permits speedy disposal of the criminal charge. Defendants charged with traffic offenses and defendants in corporate fraud cases, which are usually long and complex, are among those expected to utilize the plea." (Review of 1963 Code Legislation (1963) 38 State Bar J. 751, 752.) The foregoing suggests that when the Legislature added former subdivision (3) to Penal Code section 1016, limiting the use of a nolo contendere plea in a subsequent civil suit, it intended the limitation to apply to matters like traffic offenses and corporate fraud.
The Legislature's subsequent amendment of section 1016  deleting the limitation with respect to felony cases  supports this understanding of the legislative intent. (Stats.1982, ch. 390, § 3, p. 1725; see ante, 36 Cal.Rptr.3d at p. 333, fn. 6, 123 P.3d at p. 608, fn. 6.) "Although an expression of legislative intent in a later enactment is not binding upon a court in its construction of an earlier enacted statute, it is a factor that may be considered. [Citations.]" (Cummins v. Superior Court (2005) 36 Cal.4th 478, 492, 30 Cal.Rptr.3d 823, 115 P.3d 98.) In amending section 1016, former subdivision (3), the Legislature declared its intent to "assist the efforts of victims of crime to obtain compensation for their injuries from the criminals who inflicted those injuries." (Stats.1982, ch. 390, § 1, p. 1725.) "The Legislature further finds and declares that the practice of permitting defendants in criminal cases to enter pleas of nolo contendere and thus avoid the use of the criminal conviction in a civil suit wherein the victim of the crime seeks to recover damages for injuries sustained by the criminal act runs counter to the interest of victims of crime." (Ibid.)
Matters like traffic offenses, corporate fraud, and crime victims' damages suits are quite distinct from SVPA proceedings, which identify a "`small but extremely dangerous group of sexually violent predators that have diagnosable mental disorders'" (Hubbart, supra, 19 Cal.4th at p. 1144, fn. 5, 81 Cal.Rptr.2d 492, 969 P.2d 584), and are highly critical to the public's safety. (But see People v. Vasquez (2001) 25 Cal.4th 1225, 1233, 108 Cal.Rptr.2d 610, 25 P.3d 1090 [SVPA commitment and loss or denial of professional license both seek to protect public from felon's future harmful conduct].)
As the Attorney General points out, to preclude the use of a nolo contendere plea in a subsequent SVPA proceeding would frustrate the "narrow and important purpose" of the Act, which is "confining and treating mentally disordered individuals who have demonstrated their inability to control specific sexually violent behavior through the commission of similar prior crimes." (Hubbart, supra, 19 Cal.4th at p. 1164, 81 Cal.Rptr.2d 492, 969 P.2d 584.) Delaying this necessary identification and treatment would obviously place the public at significant risk. "The Legislature indicated that to the extent such persons are currently incarcerated and readily identifiable, commitment under the SVPA is warranted immediately upon their release from prison. The Act provides treatment for mental disorders from which they currently suffer and reduces the threat of harm otherwise posed to the public." (Id. *336 at p. 1144, 81 Cal.Rptr.2d 492, 969 P.2d 584, italics added.)
Defendant and the dissent, however, assert that our decision in Cartwright, supra, 16 Cal.3d 762, 129 Cal.Rptr. 462, 548 P.2d 1134, is dispositive of the meaning of "civil suit," and precludes the use of defendant's 1978 conviction in the SVPA proceeding. We disagree.
In Cartwright, chiropractor Adam Cartwright pled no contest to Penal Code section 316, a misdemeanor, for keeping a "disorderly house" for purposes of prostitution. (Cartwright, supra, 16 Cal.3d at p. 765, fn. 3, 129 Cal.Rptr. 462, 548 P.2d 1134.) Based on this conviction, the state Board of Chiropractic Examiners (Board) revoked Cartwright's license to practice because the Board concluded the conviction constituted a "conviction of a crime involving moral turpitude" under section 10 of the Chiropractic Act. (Cartwright, supra, 16 Cal.3d at pp. 764-765, 129 Cal.Rptr. 462, 548 P.2d 1134.) Ordering the Board to set aside its revocation, the trial court concluded that "under a settled California rule of decision a conviction based on a plea of nolo contendere could not be a basis for discipline under section 10 of the Chiropractic Act." (Id. at p. 765, 129 Cal.Rptr. 462, 548 P.2d 1134.) In a four-to-three decision, we affirmed the trial court's judgment. (Ibid.)
After reviewing the relevant case law, the Cartwright majority agreed with the trial court that the "reasonable expectations of persons examining the law on the subject" are that a conviction based on a nolo contendere plea cannot be used as a "ground for discipline or other adverse consequences authorized by a statute for convictions generally." (Cartwright, supra, 16 Cal.3d at p. 773, 129 Cal.Rptr. 462, 548 P.2d 1134, relying on Caminetti v. Imperial Mut. L. Ins. Co. (1943) 59 Cal.App.2d 476, 139 P.2d 681 [Insurance Commissioner's conservatorship]; In re Hallinan (1954) 43 Cal.2d 243, 272 P.2d 768 [State Bar discipline]; Kirby v. Alcoholic Bev. etc. App. Bd. (1969) 3 Cal.App.3d 209, 83 Cal.Rptr. 89 (Kirby) [revocation of liquor license].) The "settled nature of the California rule against collateral use of convictions based on nolo contendere pleas is an important reason for permitting the rule to remain in effect unless and until changed by legislation. Those who have entered nolo contendere pleas in the past instead of standing trial were entitled to rely upon the limitations announced by California decisions on subsequent uses of their pleas and of the ensuing convictions. [Citation.]" (Cartwright, supra, 16 Cal.3d at p. 773, 129 Cal.Rptr. 462, 548 P.2d 1134.)
Contrary to defendant's and the dissent's suggestion, Cartwright is not dispositive of the issue here. It did not rest its holding on Penal Code section 1016, former subdivision (3), much less critically examine its statutory language. Although the Cartwright majority may have implicitly rejected the argument that an administrative proceeding is not a "civil suit" under former subdivision (3) (see Cartwright, supra, 16 Cal.3d at pp. 779-780, 129 Cal.Rptr. 462, 548 P.2d 1134 (dis. opn. of Richardson, J.) ), it did not therefore give "civil suit" an expansive meaning to include a special proceeding of a civil nature. (See City of Oakland v. Public Employees' Retirement System (2002) 95 Cal.App.4th 29, 48, 115 Cal.Rptr.2d 151 [administrative proceeding is neither a "civil action" nor "special proceeding of a civil nature" for statute of limitations purposes].)
Moreover, Cartwright does not reasonably stand for the broad proposition that a conviction based on a nolo contendere plea cannot be used in any subsequent proceedings. (See Cartwright, supra, 16 Cal.3d at *337 pp. 770-771, 129 Cal.Rptr. 462, 548 P.2d 1134, discussing Kirby, supra, 3 Cal.App.3d 209, 83 Cal.Rptr. 89.) Kirby, on which the Cartwright majority extensively relied, made clear that it was concerned with the effect of a nolo contendere plea in an administrative proceeding in particular. (Kirby, supra, 3 Cal.App.3d at p. 219, 83 Cal.Rptr. 89 ["The collateral effect of a nolo contendere plea in an administrative proceeding is a subject that produces little unanimity of opinion in legal circles"].) Significantly, neither Cartwright nor the cases it relied on involved a sexual psychopathy-type proceeding, which we had already concluded was a special proceeding of a civil nature. (Gross, supra, 42 Cal.2d at p. 820, 270 P.2d 1025.) A fair reading of Cartwright makes clear that the decision at most extended the reach of the bar against using the nolo contendere plea and conviction (see Pen.Code, § 1016, former subd. (3)) to administrative proceedings. Indeed, because our earlier holding in Gross strongly suggested that the limitations of Penal Code section 1016, former subdivision (3), would not apply in sexual psychopathy proceedings, Cartwright's main concern that defendants "were entitled to rely upon the limitations announced by California decisions on subsequent uses of their pleas and the ensuing convictions" (Cartwright, supra, 16 Cal.3d at p. 773, 129 Cal.Rptr. 462, 548 P.2d 1134), is not an issue in the SVPA context.
Defendant also points out that Cartwright emphasized that a "conviction is significant in the statutory scheme only insofar as it is a reliable indicator of actual guilt." (Cartwright, supra, 16 Cal.3d at p. 773, 129 Cal.Rptr. 462, 548 P.2d 1134.) A nolo contendere plea's reliability as such is "substantially reduced" because of a "defendant's reservations about admitting guilt for all purposes," and the suggested "weakness in the available proof of guilt." (Ibid.) However, in the SVPA context, a conviction based on a defendant's nolo contendere plea does not undermine the determination of a defendant's suitability for civil commitment. For instance, requisite convictions alone "shall not be the sole basis for the determination" that a person is an SVP. (§ 6600, subd. (a)(3).) A person alleged to be an SVP "shall be entitled to a trial by jury, to the assistance of counsel, to the right to retain experts or professional persons to perform an examination on his or her behalf, and to have access to all relevant medical and psychological records and reports." (§ 6603, subd. (a).) If the person demands a jury trial, a unanimous verdict is required. (Id., subd. (f).) The trier of fact "shall determine whether, beyond a reasonable doubt, the person is a sexually violent predator." (§ 6604.) Thus, we conclude the SVPA provides sufficient safeguards to ensure that a defendant's conviction from a nolo contendere plea is reliable as evidence of the defendant's current mental disorder and future violent sexual behavior. (See Hubbart, supra, 19 Cal.4th at pp. 1145-1146, 81 Cal.Rptr.2d 492, 969 P.2d 584.)
In sum, we conclude that Penal Code section 1016, former subdivision (3), does not preclude the use of defendant's 1978 conviction based on his nolo contendere plea.[8]

*338 DISPOSITION
We reverse the Court of Appeal's judgment and remand the matter for further proceedings consistent with our opinion.
WE CONCUR: GEORGE, C.J., BAXTER, MORENO and ARDAIZ, JJ.[*]
Dissenting Opinion by KENNARD, J.
Before it was amended in 1982, Penal Code section 1016, subdivision (3), (section 1016, former subdivision (3) ) stated that a no contest plea "may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based." (Stats.1976, ch. 1088, § 1, p. 4931.) As the majority construes it, section 1016, former subdivision (3), does not bar use of a 1978 conviction based on a no contest plea as a predicate prior conviction in a proceeding under the Sexually Violent Predators Act (SVPA) (Welf. & Inst.Code, § 6600 et seq.). Because the majority's interpretation of section 1016, former subdivision (3), is irreconcilable with a decision of this court  Cartwright v. Board of Chiropractic Examiners (1976) 16 Cal.3d 762, 129 Cal.Rptr. 462, 548 P.2d 1134 (Cartwright)  that was controlling precedent when defendant entered his no contest plea, and on which defendant was entitled to rely, I dissent.
The majority reasons that "civil suit" means the same thing as "civil action," that the term "civil action" has a technical legal meaning under the Code of Civil Procedure, and that the Legislature intended the term "civil suit" in section 1016, former subdivision (3), to have the technical legal meaning of a "civil action" under the Code of Civil Procedure. Applying that interpretation of section 1016, former subdivision (3), to SVPA proceedings, the majority concludes that a conviction based on a no contest plea may be used as a predicate conviction under the SVPA because an SVPA commitment proceeding is not a civil action but rather a "special proceeding of a civil nature." (Maj. opn., ante, 36 Cal.Rptr.3d at pp. 332-337, 123 P.3d at pp. 607-610.)
If the majority is correct that "civil suit" in section 1016, former subdivision (3), has the restrictive technical meaning of "civil action" under the Code of Civil Procedure, then it necessarily follows that under that provision a conviction based on a no contest plea may be used to impose discipline in an administrative proceeding, because an administrative proceeding is not a civil action under the Code of Civil Procedure (see, e.g., Little Company of Mary Hospital v. Belshé (1997) 53 Cal.App.4th 325, 329, 61 Cal.Rptr.2d 626). Yet, this court held just the opposite in Cartwright, supra, 16 Cal.3d 762, 129 Cal.Rptr. 462, 548 P.2d 1134, that under section 1016, former subdivision (3), a conviction based on a no contest pleas could not be used in an administrative disciplinary proceeding to revoke a chiropractor's license.
The Cartwright majority stated: "A review of prior California decisions on this question shows that except in one instance convictions based on nolo contendere [no contest] pleas have until now been rejected in California as a basis for discipline or other adverse legal consequences unless a statute expressly specifies such convictions *339 as a basis for such consequences." (Cartwright, supra, 16 Cal.3d 762, 768, 129 Cal.Rptr. 462, 548 P.2d 1134, italics added.) The Cartwright majority then discussed Caminetti v. Imperial Mut. L. Ins. Co. (1943) 59 Cal.App.2d 476, 139 P.2d 681, which held that, because the convictions were based on no contest pleas, the Insurance Commissioner could not use the federal convictions of two officers of an insurance company to justify continuing a conservatorship over the company's assets; In re Hallinan (1954) 43 Cal.2d 243, 272 P.2d 768, which held that the State Bar had properly refused to initiate disciplinary proceedings against attorneys whose criminal convictions were based on no contest pleas; Kirby v. Alcoholic Bev. etc. App. Bd. (1969) 3 Cal.App.3d 209, 83 Cal.Rptr. 89, which held that a liquor license could not be revoked because of a criminal conviction based on a no contest plea; and Grannis v. Board of Medical Examiners (1971) 19 Cal.App.3d 551, 96 Cal.Rptr. 863, which held that a medical doctor's certificate to practice medicine could not be revoked because of a conviction based on a no contest plea. (Cartwright, supra, at pp. 769-771, 129 Cal.Rptr. 462, 548 P.2d 1134.) The Cartwright majority discussed and disapproved Christensen v. Orr (1969) 275 Cal.App.2d 12, 79 Cal.Rptr. 656, which had permitted the Department of Motor Vehicles to suspend a driver's license because of a conviction based on a no contest plea. (Cartwright, supra, at p. 772, 129 Cal.Rptr. 462, 548 P.2d 1134.) The Cartwright majority then stated: "... Christensen cannot fairly be said to have altered the reasonable expectations of persons examining the law on the subject, namely, that in California a conviction based on a plea of nolo contendere would not be allowed as a ground for discipline or other adverse consequences authorized by a statute for convictions generally.... Those who have entered nolo contendere pleas in the past instead of standing trial were entitled to rely upon the limitations announced by California decisions on subsequent uses of their pleas and of the ensuing convictions." (Cartwright, supra, at p. 773, 129 Cal.Rptr. 462, 548 P.2d 1134.)
The Cartwright majority implicitly rejected the arguments in the dissenting opinion authored by Justice Richardson. In vain, the Cartwright dissent urged a construction of section 1016, former subdivision (3), similar to the one the majority here adopts: "Indeed, the very language of [section 1016, former subdivision (3)], and particularly the reference to `any civil suit,' discloses an intent to confine application of the section to ordinary civil litigation. An administrative disciplinary proceeding is not a `civil' action; the word `civil' connotes actions or special proceedings in courts, and not hearings before boards." (Cartwright, supra, at p. 780, 129 Cal.Rptr. 462, 548 P.2d 1134 (dis. opn. of Richardson, J.).) Like the Cartwright dissent, the majority here urges a restrictive construction of "any civil suit" in section 1016, former subdivision (3). But the majority's construction of "any civil suit" is even narrower than the one proposed by the Cartwright dissent, which apparently would have included special proceedings as well as civil actions.
The majority asserts that Cartwright "is not dispositive of the issue here" because it "did not rest its holding on Penal Code section 1016, former subdivision (3), much less critically examine its statutory language" and because "neither Cartwright nor the cases it relied on involved a sexual psychopathy-type proceeding." (Maj. opn., ante, 36 Cal.Rptr.3d at pp. 336-337, 123 P.3d at pp. 610-611.) I disagree. By rejecting the view of the Cartwright dissenters that section 1016, former subdivision *340 (3), applied only to ordinary civil litigation, not to administrative proceedings, the Cartwright majority implicitly construed that provision as broadly applicable to proceedings of a civil nature, such as the SVPA proceedings here. Thus, the majority here cannot construe section 1016, former subdivision (3), as inapplicable to such proceedings without overruling Cartwright. Given the irreconcilable conflict between Cartwright's holding and the majority's construction of section 1016, former subdivision (3), the majority has impliedly overruled Cartwright, even though it has not done so expressly.
Of course, this court has the authority to overrule Cartwright, supra, 16 Cal.3d 762, 129 Cal.Rptr. 462, 548 P.2d 1134, and to adopt a different and narrower construction of section 1016, former subdivision (3). But this court does not have the authority to apply its new statutory construction retroactively to persons like defendant here who may have relied on Cartwright. Although a judicial decision ordinarily applies retroactively, a judicial decision is not given retroactive effect when it overrules controlling authority that parties might justifiably have relied on. (Claxton v. Waters (2004) 34 Cal.4th 367, 378-379, 18 Cal.Rptr.3d 246, 96 P.3d 496; Smith v. Rae-Venter Law Group (2002) 29 Cal.4th 345, 372, 127 Cal.Rptr.2d 516, 58 P.3d 367; Woods v. Young (1991) 53 Cal.3d 315, 330, 279 Cal.Rptr. 613, 807 P.2d 455; see also People v. Simon (2001) 25 Cal.4th 1082, 1108, 108 Cal.Rptr.2d 385, 25 P.3d 598; People v. Blakeley (2000) 23 Cal.4th 82, 91-92, 96 Cal.Rptr.2d 451, 999 P.2d 675.) Because parties entering no contest pleas after Cartwright was decided in 1976, and before the Legislature amended Penal Code section 1016 in 1982, could justifiably have relied on Cartwright's assurance that "in California a conviction based on a plea of nolo contendere would not be allowed as a ground for discipline or other adverse consequences authorized by a statute for convictions generally" (Cartwright, supra, 16 Cal.3d at p. 773, 129 Cal.Rptr. 462, 548 P.2d 1134), this court may not now retroactively apply its decision overruling Cartwright to the detriment of parties who might justifiably have relied on it.
As the Cartwright majority explained, "Those who have entered nolo contendere pleas in the past instead of standing trial were entitled to rely upon the limitations announced by California decisions on subsequent uses of their pleas and of the ensuing convictions." (Cartwright, supra, 16 Cal.3d at p. 773, 129 Cal.Rptr. 462, 548 P.2d 1134.) The majority here casts aside this important restriction on judicial authority when it applies its new interpretation of section 1016, former subdivision (3), to defendant's conviction, which was based on the no contest plea he entered in 1978 when Cartwright was the law. For this reason, I cannot join the majority's decision. I would affirm the Court of Appeal's judgment.
I CONCUR: WERDEGAR, J.
NOTES
[1] All further statutory references are to the Welfare and Institutions Code unless otherwise noted.
[2] "`Throughout its history ... the plea of nolo contendere has been viewed not as an express admission of guilt but as a consent by the defendant that he may be punished as if he were guilty and a prayer for leniency.'" (Cartwright v. Board of Chiropractic Examiners (1976) 16 Cal.3d 762, 773, fn. 7, 129 Cal.Rptr. 462, 548 P.2d 1134 (Cartwright), quoting North Carolina v. Alford (1970) 400 U.S. 25, 36, fn. 8, 91 S.Ct. 160, 27 L.Ed.2d 162.)
[3] The only issue before this court is whether an SVPA proceeding is a "civil suit" under Penal Code section 1016, former subdivision (3). As such, we do not discuss whether the prosecution has satisfied other requirements to establish that defendant is a "[s]exually violent predator." (§ 6600, subd. (a).)
[4] Indeed, the Leake Court of Appeal's conclusion that an SVPA is a civil action was unnecessary to its holding because the 1986 Civil Discovery Act applies to either a civil action or a special proceeding. (Code Civ. Proc., § 2016, subd. (b)(1); see Cheek, supra, 94 Cal.App.4th at p. 988, 114 Cal.Rptr.2d 760 [Civil Discovery Act applies to an SVPA proceeding because it is "a special proceeding of a civil nature"].)
[5] Although Penal Code section 1016, former subdivision (3), prohibits the subsequent use of a nolo contendere plea and required admissions, Cartwright held that a conviction based on the nolo contendere plea could not be the basis for discipline in an administrative proceeding. (Cartwright, supra, 16 Cal.3d at pp. 773-774, 129 Cal.Rptr. 462, 548 P.2d 1134.) In doing so, Cartwright relied on decisional law and did not squarely base its holding on Penal Code section 1016, former subdivision (3). (Cartwright, supra, 16 Cal.3d at pp. 768-773, 129 Cal.Rptr. 462, 548 P.2d 1134.) Here, neither party has questioned treating the conviction the same as the underlying nolo contendere plea for purposes of Penal Code section 1016, former subdivision (3). Accordingly, we shall treat them the same.
[6] In 1982, the Legislature amended Penal Code section 1016, subdivision (3), to its current version. (Stats.1982, ch. 390, § 3, p. 1725.) Since then, this subdivision has provided, in part, that the legal effect of a nolo contendere plea to a felony case "shall be the same as that of a plea of guilty for all purposes." (Pen.Code, § 1016, subd. (3), italics added.) However, the current version retains the prior prohibition against using the plea as an admission in any civil suit "[i]n cases other than those punishable as felonies." (Ibid.)
[7] The original subdivision provided: "3. Nolo contendere, subject to the consent of the district attorney and with the approval of the court. The legal effect of such plea shall be the same as that of a plea of guilty, but the plea may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based." (Stats.1963, ch. 2128, § 1, p. 4418.) With respect to the issue here, the 1963 version of Penal Code section 1016, former subdivision (3), does not differ substantively from the 1976 version of the statute that governed defendant's nolo contendere plea. (Stats.1976, ch. 1088, § 1, p. 4931; see Stats.1975, ch. 687, § 1, p. 1635 [amending the 1963 version of Pen.Code, § 1016].)
[8] Defendant also contends that Evidence Code former section 1300 (Stats.1965, ch. 299, § 2, p. 1345), which provided that evidence of a final judgment of a person's felony conviction is not rendered inadmissible by the hearsay rule in a civil action "unless the judgment was based on a plea of nolo contendere," prohibits the use of his 1978 conviction. We disagree. As discussed above (see ante, 36 Cal.Rptr.3d at p. 332, 123 P.3d at p. 608), the Legislature amended Evidence Code former section 1300 in light of "`the policy expressed in Penal Code section 1016' (that is, the policy of prohibiting use of the plea as an admission in civil suits)." (Cartwright, supra, 16 Cal.3d at p. 774, fn. 9, 129 Cal.Rptr. 462, 548 P.2d 1134.) Because we reject defendant's claim based on Penal Code section 1016, former subdivision (3), we also reject his claim based on Evidence Code former section 1300, the scope of which was coextensive with former subdivision (3).
[*] Presiding Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.