**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOUGLAS R. DOWIE, | No. 07-56494 |
| Plaintiff - Appellant, | D.C. No. CV-07-01746-GAF |
| v. | |
| FLEISHMAN-HILLARD INC., a corporation and OMNICOM GROUP, INC., a corporation, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued March 2, 2009
Submitted March 8, 2011
Pasadena, California

Before: GOODWIN, BEEZER, and PAEZ, Circuit Judges.

Douglas Dowie appeals the district court's dismissal of his complaint against

his former employer Fleishman-Hillard, Inc. ("FH") and Omnicom Group, Inc.

("Omnicom"), FH's parent corporation. Dowie seeks indemnification for legal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

defense fees and costs incurred following his indictment on conspiracy and wire fraud charges, which stemmed from his involvement with fraudulent billings submitted to certain FH clients. Although FH paid for his legal defense up to the time of his indictment, Dowie argues he was owed ongoing indemnification of his defense costs. Dowie's complaint alleges the following claims: (1) that FH was required to cover all of his defense costs under California Labor Code § 2802; (2) that he is entitled to equitable indemnification; (3) that FH fraudulently concealed that it would stop funding Dowie's legal defense if he were indicted; (4) that he detrimentally relied on FH's promise to pay for his ongoing legal representation; and (5) that FH breached a written contract requiring it to provide ongoing defense funds.[1]

A jury convicted Dowie of conspiracy and wire fraud under 18 U.S.C. § 371 and § 1343.[2] Subsequently, the district court dismissed his civil claims for indemnification under Rule 12(b)(6) of the Federal Rules of Civil Procedure. We

---

[1]Dowie's complaint also alleged a claim for breach of an oral contract, but he has not appealed the district court's dismissal of this claim.

[2]We recently affirmed Dowie's criminal conviction. *See United States v. Dowie*, No. 07-50069, 2010 U.S. App. Lexis 26863 (9th Cir. Dec. 2, 2010) (Unpub. Disp.). Submission of this appeal was deferred pending resolution of Dowie's criminal appeal.

review the district court's dismissal de novo, and may affirm on any basis fairly supported by the record. *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 979 (9th Cir. 2007). We affirm. Because the parties are familiar with the facts and procedural history of the case, we do not recite them here except as necessary to our decision.

First, the district court did not err in dismissing Dowie claim to indemnification under California Labor Code § 2802. The statute requires an employer to indemnify an employee for legal expenses incurred as a result of lawful or unlawful work-related acts, unless the employee "believed them to be unlawful." CAL. LABOR CODE § 2802(a). Dowie's claim under § 2802 fails as a matter of law because his involvement with fraudulent billings to FH clients resulted in his conviction for the specific intent crimes of conspiracy and wire fraud. To find a defendant guilty of these charges, a jury must conclude that he had the intent "to accomplish an illegal objective," *United States v. Boone*, 951 F.2d 1526, 1543 (9th Cir. 1991), and "knowledge of its fraudulent nature," *United States v. Ciccone*, 219 F.3d 1078, 1084 (9th Cir. 2000).

While admitting that he was convicted of specific intent crimes, Dowie nonetheless argues that he did not know he was committing the crimes for which he was convicted. This argument is unavailing because the issue was necessarily decided in his criminal case. *See Teitelbaum Furs, Inc. v. Dominion Ins. Co.*, 58

3

Cal.2d 601, 607 (1962) (holding that "any issue necessarily decided in a prior criminal proceeding is conclusively determined as to the parties if it is involved in a subsequent civil action") (partially superceded by statute on other grounds as stated in *People v. Yartz*, 37 Cal.4th 529, 539 (2005)). Therefore, Dowie's claim fails to satisfy the provision in § 2802 restricting indemnification where an employee knew his conduct was unlawful.

Second, the district court did not err in dismissing Dowie's claim to equitable indemnification. Under California law, the restitutionary doctrine of equitable indemnification "permit[s], in appropriate cases, a right of partial indemnity, under which liability among multiple tortfeasors may be apportioned on a comparative negligence basis." *Am. Motorcycle Ass'n v. Superior Court,* 20 Cal.3d 578, 586–90 (1978) (superceded by statute on other grounds as stated in *Miller v. Stouffer*, 9 Cal.App.4th 70, 82 (1992)); *see also Western Steamship Lines, Inc. v. San Pedro Peninsula Hospital*, 8 Cal.4th 100, 108–10 (1994) (outlining the development of the equitable indemnification doctrine in California negligence law). The district court dismissed this claim, finding that the facts alleged could not support the application of this equitable doctrine. We agree.

Dowie's losses did not result from tort liability, nor was FH a co-defendant. Dowie cites no case law—nor have we found a case—that has applied this

4

equitable doctrine to losses directly incurred from a criminal prosecution. Even were the doctrine to be applicable in this context, intentional actors are not entitled to apportionment under California law. *See Thomas v. Duggins Constr. Co.*, 139 Cal.App.4th 1105, 1111–13 (2006). Because Dowie was charged with and convicted of specific intent crimes, his claim to equitable indemnification of related defense costs is unsupported by California law.

Third, the district court did not err in dismissing Dowie's claims of fraudulent concealment and promissory estoppel because Dowie failed to identify damages resulting from FH's alleged representations. To state a claim for fraudulent concealment or misrepresentation under California law, a plaintiff must plausibly allege damages resulting from a false representation, concealment, or nondisclosure of fact. *See Robinson Helicopter Co. v. Dana Corp.*, 34 Cal.4th 979, 990 (2004). Similarly, to support a claim for promissory estoppel under California law, a plaintiff must allege an injury resulting from his reliance on a defendant's promise. *See U.S. Ecology, Inc. v. California*, 129 Cal.App.4th 887, 901 (2005).

As found by the district court, these claims fail because Dowie did not plausibly allege damages resulting from FH's alleged promise to pay all of his legal fees. FH paid Dowie's legal fees up to the point of his indictment, at which point FH notified Dowie that it would no longer do so. Despite Dowie's assertion

5

that he would have initially retained less-expensive counsel had he known FH would ultimately stop funding his defense, Dowie could have selected different counsel after his indictment or even asked the district court to appoint counsel. Instead, Dowie benefitted from FH's payment of his pre-indictment legal fees and then chose to continue to be represented by the same private firm throughout his trial, knowing that FH would not pay for his post-indictment legal fees. Dowie's decision to continue to be represented by this firm—incurring relatively high legal fees as a result—did not plausibly result from a non-disclosure by FH or Dowie's reliance on any promise identified in the complaint. Accordingly, these claims fail.

Finally, the district court did not err in dismissing Dowie's claim for breach of contract. Dowie's claim is based on the portion of Omnicom's bylaws related to the corporation's mandatory indemnification of third-party and derivative actions. The plain terms of the bylaws, however, limit mandatory indemnification to liabilities incurred by directors and officers of Omnicom. Despite Dowie's suggestion to the contrary, the bylaws cannot reasonably be read to expand Omnicom's mandatory indemnification duties beyond this limited group. *See Hope Nat'l Med. Ctr. v. Genentech, Inc.*, 43 Cal.4th 375, 395 (2008) (stating that contract interpretation is a question of law for the court "when it is based on the

words of the instrument alone"). Dowie does not allege that he was ever a director or officer of Omnicom. Accordingly, this claim fails.

**AFFIRMED**.